# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Publix Super Markets, Inc.
Merriann Metz General Counsel & Secretary
Publix Super Markets Inc.
3300 Publix Corporate Parkway
Lakeland FL 33811

08/26/2022

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2022-6650

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| # | Field | Value |
|---|---|---|
| 1. | Entity Served:<br>Entity Served If Different: | Publix Super Markets, Inc.<br>Publix Supermarkets, Inc. |
| 2. | Title of Action: | Sheakeina McCloud vs. Publix Supermarkets, Inc. and Publix Asset Management Company, Inc. |
| 3. | Document(s) Served: | Law Firm Letter<br>Summons<br>Complaint |
| 4. | Court/Agency: | Beaufort County 14th Judicial Circuit Common Pleas Court |
| 5. | State Served: | South Carolina |
| 6. | Case Number: | 2022-CP-07-01559 |
| 7. | Case Type: | Negligence/Personal Injury |
| 8. | Method of Service: | Certified Mail |
| 9. | Date Received: | Friday 08/26/2022 |
| 10. | Date to Client: | Friday 08/26/2022 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 30<br>Sunday 09/25/2022 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Oana D. Johnson, Esq.<br>Charleston, SC<br>843-203-4195 |
| 13. | Shipped To Client By: | Regular Mail and Email with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 411 |
| 16. | Notes: | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

801 US Highway 1 North Palm Beach, FL 33408   Tel: (561) 694-8107   Fax: (561) 694-1639
www.CorporateCreations.com

IN THE STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
COUNTY OF BEAUFORT             )   FOR THE 14TH JUDICIAL CIRCUIT
                                   CASE NO.: 2022-CP-14-____

SHEAKEINA MCCLOUD

       Plaintiff(s),
  v.                                    **SUMMONS**
                                              **(JURY TRIAL DEMANDED)**
PUBLIX SUPERMARKETS, INC.,
PUBLIX ASSET MANAGEMENT
COMPANY, INC.

       Defendant(s).

**TO: THE DEFENDANT(S) ABOVE NAMED:**

  **YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the Plaintiff or her attorneys, Oana. D. Johnson, at her office, 304 Meeting Street, Suite 203, Charleston, South Carolina, 29401, within thirty (30) days after the service hereof, exclusive of the day of such service and if you fail to Answer the Complaint within the time aforesaid, Plaintiff will apply to the court for relief demanded in the Complaint.

  Dated at Charleston, South Carolina on the 19th day of August, 2022.

(Signature Block to Follow on Next Page)

Respectfully submitted,

s/*OanaDJohnson*
Oana D. Johnson, Esquire
S.C. Bar No. 100373
Attorney for the Plaintiff
Oana D. Johnson, Attorney at Law
304 Meeting Street, Suite 203
Charleston, SC, 29401
Phone: (843) 203-4195
oana@odjlaw.com

Bertrand O. Dore, Esquire
S.C. Bar No. 70684
Attorney for the Plaintiff
Dore Law Office
133 Sea Island Parkway
Beaufort, SC, 29907
Phone: (843) 522-9112
bertrand@dorelawoffice.com

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA )<br>COUNTY OF BEAUFORT ) | IN THE COURT OF COMMON PLEAS<br>FOR THE 14TH JUDICIAL CIRCUIT<br>CASE NO.: 2022-CP-14-____ |
| SHEAKEINA MCCLOUD<br><br>　　　　　　　　　Plaintiff(s),<br>v.<br><br>PUBLIX SUPERMARKETS, INC.,<br>PUBLIX ASSET MANAGEMENT<br>COMPANY, INC.<br><br>　　　　　　　　　Defendant(s). | **COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

The Plaintiff, complaining of the Defendants, alleges and says as follows:

1. That the Plaintiff, Sheakeina McCloud (herein referred to as "Plaintiff") is a citizen and resident of Beaufort County, South Carolina.

2. That the Defendants, Publix Supermarkets, Inc. and Publix Asset Management Company, Inc. (herein referred to as "Publix" or "Defendants") are businesses incorporated under the laws of Florida while doing business and/or owning property in Beaufort County, State of South Carolina.

3. That the injury which is the subject of this action occurred at Publix Store #1463, located in Beaufort County, South Carolina.

4. That this Court has jurisdiction over the parties and the subject matter of this action.

5. That venue is proper in Beaufort County, South Carolina.

6. That on or about July 3, 2020, Plaintiff was a customer and patron, as an invitee and for the benefit of the Defendants, at the Defendants' place of business (Publix Store #1463) located at 61 Ladys Island Drive, Beaufort, SC, 29907.

7. On or about July 3, 2020, as Plaintiff was walking in Defendants' store, she encountered a very dangerous condition, namely water on slippery flooring, which the Defendants

failed to correct, and about which the Defendants knew and/or should have known in the exercise of reasonable inspection, which constituted a latent defect and active hazard on the premises, on about which Plaintiff assumed no risk. This dangerous condition caused Plaintiff to suffer numerous injuries.

8. On or about July 3, 2020, after being severely injured, the Plaintiff reported this incident to the Defendants.

9. On or about July 3, 2020, due to the negligence of Defendants, Plaintiff suffered severe injuries after visiting Defendant's place of business.

10. That Defendants either knew or should have known that the floor area where Plaintiff's injuries occurred presented a danger to patrons of Defendants' store, or that Defendants created the dangerous situation.

11. That the Defendant had a duty to maintain the premises in a safe condition.

12. That as a result of the injuries suffered at Defendants' store, Plaintiff visited the hospital and subsequently had to have multiple treatments, surgery on her foot, and many physical therapy sessions.

13. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, wantonness, and acts and/or omissions of the Defendants, as is set forth more fully above, Plaintiff was injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred various medical expenses, and has otherwise been damaged and injured.

14. The fall and resulting injuries and damages to Plaintiff were caused directly and proximately by one or more of the following negligence, negligence *per se*, gross

negligence, careless, reckless, willful, wanton and unlawful acts, and/or omissions of the Defendants in any one or more of the following ways:

   a. In failing to observe the dangerous condition of the floor;

   b. In failing to supervise the correct cleaning and maintenance of the floor;

   c. In failing to adequately warn the Plaintiff as to any dangers that may be present on the premises;

   d. In failing to clean, monitor, and maintain the premises to ensure that it is safe, clean, and not dangerous for customers, patrons, and invitees;

   e. In failing to post signs;

   f. In failing to hire adequate personnel;

   g. In failing to train personnel;

   h. In failing to adequately manage personnel;

   i. In failing to enact policies that would ensure the safety of customers, patrons, and/or invitees on the premises; and

   j. In any such manner the Plaintiff may discover through the discovery process or trial.

15. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness of the Defendants, as is set forth more fully above, Plaintiff has been damaged and injured in the following respects:

   a. Plaintiff has been required to expend a significant amount of money for her medical care and treatment;

   b. The pain of Plaintiff's injuries has resulted in her loss of enjoyment of life, to the detriment of her physical and mental health and well-being;

    c. Plaintiff has experienced undue pain and suffering;

    d. Plaintiff lost wages; and

    e. Such other particulars as may be found through discovery or trial.

16. That Defendants' acts and omissions, as are set forth more fully above, show willful misconduct, malice, and wantonness, raising a presumption of the Defendants' conscious indifference to the consequences of such acts and omissions.

17. That Plaintiff had no knowledge or reason to suspect danger with regard to the hazard contained on the premises. In addition, Plaintiff exercised ordinary and reasonable care for herself at all times.

18. That upon information and belief, Plaintiff is entitled to judgment against the Defendant for actual, compensatory, and exemplary or punitive damages for her personal injuries set forth here in an amount that is fair, just, and reasonable under the circumstances, plus whatever costs, and interest to which she may be entitled to be determined by a jury.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants for an amount to be ascertained by the jury at the trial of this action for all damages, punitive and actual, for the cost and disbursements of this action, and both prejudgment and post-judgment interest, and for other and further relief, in law or in equity, as this court may deem just and proper.

(Signature Block to Follow on Next Page)

Respectfully submitted,

s/ *Oana D Johnson*
Oana D. Johnson, Esquire
S.C. Bar No. 100373
Attorney for the Plaintiff
Oana D. Johnson, Attorney at Law
304 Meeting Street, Suite 203
Charleston, SC, 29401
Phone: (843) 203-4195
oana@odjlaw.com

Bertrand O. Dore, Esquire
S.C. Bar No. 70684
Attorney for the Plaintiff
Dore Law Office
133 Sea Island Parkway
Beaufort, SC, 29907
Phone: (843) 522-9112
bertrand@dorelawoffice.com

Dated at Charleston, SC
This 19th day of August, 2022.