UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Sheakeina McCloud, | ) | CASE NO.: 9:22-cv-3231-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ANSWER TO COMPLAINT** |
| Publix Supermarkets, Inc., | ) | **(JURY TRIAL REQUESTED)** |
| Publix Asset Management | ) | |
| Company, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW, Defendant Publix Super Markets, Inc., Store No. 0845, improperly identified in the caption as "Publix Supermarkets, Inc., Publix Asset Management Company, Inc", by and through its undersigned counsel, and hereby answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Plaintiff, to the extent she seeks punitive damages or exemplary damages, if any, is in violation of Defendant's rights under the United States Constitution and the Constitution of the State of South Carolina, and therefore, fails to state a cause of action upon which either punitive or exemplary damages may be awarded.

### SECOND DEFENSE

Some or all of Plaintiff's claims are or may be barred or, in the alternative, reduced to the extent of the comparative negligence of the Plaintiff.

### THIRD DEFENSE

Whatever injury or damage incurred by the Plaintiff, if any, was due to or may have been caused by the sole negligence, recklessness, willfulness, wantonness, actions and/or omissions of the Plaintiff.

## FOURTH DEFENSE

The injuries and damages sustained by the Plaintiff, if any, were due to and caused by and were the direct and proximate result of the intervening and superseding negligence, carelessness, recklessness, willfulness and wantonness of others. The acts of a person(s) other than Defendant were the sole and proximate cause of the incident complained of in the Complaint.

## FIFTH DEFENSE

That any condition on the premises in question, which Plaintiff contends proximately caused her alleged injuries, was one which may have been open and obvious and known to the Plaintiff or should have been known in the exercise of reasonable and ordinary care despite being unknown to the Defendant.

## SIXTH DEFENSE

Defendant, despite using the care required of it by law, had no notice of any dangerous condition on the premises in question, nor created any dangerous condition, which Plaintiff contends proximately caused her alleged injuries.

## SEVENTH DEFENSE

The acts or omissions of a person or entity other than Defendant were the sole and proximate cause of the incident complained of in the Complaint.

## EIGHTH DEFENSE

At all times relevant to the matters complained of in the Complaint, Defendant exercised the degree of skill and care required of it by law.

## NINTH DEFENSE

There is no causal connection/proximate cause between any alleged act or omission on the part of Defendant and the damages or injuries claimed by Plaintiff.

**TENTH DEFENSE**

If Defendant is deemed responsible to the Plaintiff for any damages or injuries, which is strictly denied, then Defendant is entitled to contribution from all joint tortfeasors pursuant to the South Carolina Contribution Among Joint Tortfeasors Act, South Carolina Code of Laws § 15-38-10 *et. seq.* (Cum. Supp. 1989).

**ELEVENTH DEFENSE**

In the event that Plaintiff is awarded punitive or exemplary damages and to the extent that such an award is not in violation of Defendant's rights under the United States Constitution and the South Carolina Constitution, an award of punitive or exemplary damages is subject to the limitations as set forth in South Carolina Code Ann. § 15-32-530(A).

**TWELFTH DEFENSE**

Upon information and belief, the injuries, damages, and/or losses alleged to be sustained by Plaintiff, all of which are specifically denied, were not the direct and/or proximate cause of Defendant's negligence and, therefore, recovery should be barred in accordance with legal principles. To the extent that the Plaintiff is alleging in her Complaint injuries which are entirely inconsistent with the facts of this case, Defendant demands strict proof of any and all injuries claimed by the Plaintiff, and affirmatively alleges that the injuries claimed by the Plaintiff are not the product of this incident and were not sustained as a proximate result of this incident.

**THIRTEENTH DEFENSE**

Defendant responds to the numbered allegations of the Complaint and shows the Court as follows:

1. Defendant lacks sufficient information to form a belief as to the truthfulness of the allegations of Paragraph 1 of the Complaint. Therefore, those allegations can neither be admitted

nor denied at this time. To the extent those allegations purport to allege acts of negligence on the part of Defendant or can be construed to allege that Defendant is liable to Plaintiff, then those allegations are denied.

2. In response to the allegations of Paragraph 2 of the Complaint, Defendant admits that it is a Florida Corporation existing and authorized to do business in Beaufort, South Carolina. However, Defendant denies that Publix Supermarkets, Inc. or Publix Asset Management Company, Inc. is the proper Defendant in this matter.

3. Defendant denies the allegations of Paragraph 3, 4, 5, 6, 7, 8, 9 and 10 of the Complaint.

4. Defendant denies the allegations of Paragraph 11 of the Complaint as incomplete and/or inaccurate statements of South Carolina law and allegations inconsistent with the facts of the incident. To the extent those allegations purport to allege acts of negligence on the part of Defendant, can be construed to allege that Defendant is liable to Plaintiff, or that Plaintiff is entitled to damages from Defendant, then those allegations are denied.

5. Defendant denies the allegations of Paragraphs 12, 13, 14, 15, and 16 of the Complaint.

6. Defendant lacks sufficient information to form a belief as to the truthfulness of the allegations of Paragraph 17 of the Complaint. Therefore, those allegations can neither be admitted nor denied at this time. To the extent those allegations purport to allege acts of negligence on the part of Defendant or can be construed to allege that Defendant is liable to Plaintiff, then those allegations are denied.

7. Defendant denies the allegations of Paragraph 18 of the Complaint.

8.     Defendant denies the WHEREFORE section of the Complaint, including the subparts contained therein.

9.     Defendant denies each and every allegation of the Complaint not specifically responded to in the preceding paragraphs.

WHEREFORE, having fully responded to the Complaint, Defendant demands to be dismissed with costs taxed against the Plaintiff. Defendant further demands a trial by a jury of twelve.

This 22nd day of September, 2022.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

By:     *s/Lee C. Weatherly*
        LEE C. WEATHERLY
        Federal Bar No.: 9389
        KIERRA N. BROWN
        Federal Bar No.: 12717
        ***Attorneys for Defendant***

40 Calhoun Street, Suite 400
Charleston, South Carolina 29401-3531
lweatherly@csvl.law
kbrown@csvl.law
Ph: 843-727-0307